OPINION
Appellant David Browne appeals his conviction, in the Alliance Municipal Court, on the basis that the jury's verdict is against the manifest weight of the evidence and not supported by the sufficiency of the evidence. The following facts give rise to this appeal.
On December 10, 1999, after Appellant Browne argued with his wife, Deanna Brown, appellant left for his brother's house. Deanna Brown went to the residence of Curtis Gillogly, in Minerva. Deanna Browne informed Mr. Gillogly and his girlfriend, Christie Williamson, that she was mad at appellant and that she wanted to retrieve some clothes from her apartment and stay at Mr. Gillogly's residence for a few days. Christie Williamson agreed to help Deanna Brown and told Deanna that she could stay at their residence for a few days.
Thereafter, Curtis Gillogly, Christie Williamson, Mr. Gillogly's two children and Deanna Browne decided to go to the Ames Department Store in Carrollton. On their trip home from the store, they stopped by Deanna Brown's apartment, in Malvern, so she could retrieve some clothes. Upon returning to Mr. Gillogly's residence, they discovered appellant asleep in Deanna Brown's vehicle, which was parked in front of the residence. Appellant awoke and entered Mr. Gillogly's residence, uninvited. Mr. Gillogly repeatedly asked appellant to leave his residence and appellant refused. Appellant threatened Mr. Gillogly with violence. Christie Williamson also asked appellant to leave the residence. Appellant again refused and the argument continued. At one point, Christie Williamson threatened to stab appellant with a knife. The argument continued for approximately twenty-five minutes. Christie Williamson eventually called 911 for police assistance. When the police arrived, appellant left the residence.
On December 14, 1999, a complaint was filed charging appellant with two counts of aggravated menacing and one count of criminal trespass. Appellant entered a plea of not guilty on December 29, 1999. This matter proceeded to trial on January 13, 2000. Following deliberations, the jury found appellant not guilty of the two counts of aggravated menacing but guilty of the one count of criminal trespassing. The trial court sentenced appellant to thirty days in jail and fined him $100.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant contends, in his sole assignment of error, that the trial court's judgment is against the manifest weight of the evidence and is not supported by the sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
The jury found appellant guilty of criminal trespass under R.C.2911.21(A), which provides as follows:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another;
The record in this matter contains evidence that appellant knowingly entered the residence of Mr. Gillogly and began arguing with Deanna Browne. The argument continued for approximately twenty-five minutes with appellant refusing to leave Mr. Gillogly's residence until the police arrived. Such conduct by appellant is sufficient to support a conviction for criminal trespass. Further, we do not find that in resolving conflicts in the evidence, the jury clearly lost its way creating such a manifest miscarriage of justice that appellant is entitled to a new trial.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Alliance Municipal Court, Stark County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is affirmed.
 ______________________________ Wise, J.
Gwin, P.J., and Edwards, J., concur.